NICOLA DeFILLIPO *vs.* GILBANE BUILDING COMPANY *et al.*

JULY 3, 1952.

PRESENT: Flynn, C. J., Capotosto, Baker, Condon and O'Connell, JJ.

CONDON, J. This is an employee's petition to amend a preliminary agreement for workmen's compensation. After a hearing in the superior court a decree was entered denying and dismissing the petition. From that decree petitioner has appealed to this court.

The petitioner filed this petition after his employer and its insurance carrier, respondents here, had filed a petition to review the preliminary agreement on the ground that his incapacity resulting from the injury specified therein had terminated. The two petitions were heard together in the superior court and a separate decree was entered in each proceeding. An appeal from the decree granting the petition for review, which was heard here together with the instant appeal, was denied and dismissed in a separate opinion filed herewith. *Gilbane Building Co.* v. *DeFillipo,* 79 R. I. 461.

According to the preliminary agreement which was approved by the director of labor on December 15, 1950, petitioner, on November 6, 1950, received a displaced fracture of the eighth posterior rib on the left side by accident arising out of and in the course of his employment. It was agreed that he was totally incapacitated by such injury and was entitled to receive total weekly compensation of $28 during such incapacity. The evidence at the hearing

in the superior court showed that he was no longer incapacitated by that specific injury. The petitioner did not seriously dispute such evidence but rather sought to show by medical evidence that he had actually received a comminuted fracture of the tip of the left tenth rib as a result of the accident of November 6, 1950 which had incapacitated him and was still incapacitating him for work. On that evidence, he based his right to have the preliminary agreement amended.

Apparently he brought his petition to amend pursuant to the proviso of general laws 1938, chapter 300, article III, §1, as amended by public laws 1949, chap. 2272, although the petition contains no express allegation to that effect. The trial justice so understood it and found that the evidence before him was not sufficient under such proviso to entitle petitioner to the amendment requested. He held that an agreement voluntarily entered into should not be amended under that proviso over the objection of the other party thereto unless the evidence in support thereof was clear. Applying that rule of proof he expressly found that it was not clear "that the 10th rib was fractured on November 6, 1950" and he, therefore, refused to "permit such injury to be made a part of the agreement."

The petitioner contends that the trial justice erred in that he did not recognize the right to amend granted by the proviso; that he erred in holding that if one of the parties to the preliminary agreement objects it cannot be amended; that he did not construe the proviso liberally in favor of the petitioner; and that he erred in disregarding all of his medical testimony that he was incapacitated from working at his regular occupation.

There is, in our opinion, no need for an extended discussion of these contentions. They are all without merit, chiefly because they are predicated upon a clear misconception of the trial justice's decision. As a matter of fact he recognized the right to amend but held that the evidence must be clear to convince the court that an amendment

should be ordered, notwithstanding the refusal of one of the parties to the agreement to consent to such amendment. This was not an illiberal construction of the proviso, but was quite correct and consistent with the rule of proof applied in equity to the reformation of written instruments to which the instant statutory relief is somewhat analogous. Applying that rule the trial justice found that petitioner had not proved that the comminuted fracture of his tenth rib resulted from the accident and therefore he was not entitled to have the agreement amended as requested. Whether or not the medical testimony proved that he was incapacitated by such injury thus became irrelevant and the trial justice did not err in disregarding it.

Moreover, under chapter 2272, it was incumbent upon petitioner to show that "the agreement, due to accident, mistake, unforeseen cause or due to failure to correctly diagnose the injury * * * fails to set out all parts of the body affected by such injuries * * *." From our reading of the transcript it is manifest that petitioner did not rely upon accident, mistake or unforeseen cause as a ground for his petition. Apparently he based it on an incorrect or incomplete diagnosis by reason of which some of his injuries were omitted from the agreement. However, his evidence does not tend to prove that fact. Indeed it shows that immediately after the accident he was attended and treated by his own physician; that a few days later respondent insurance carrier's adjuster inquired of such physician concerning the nature of petitioner's injury and was informed that it was a fracture of the eighth rib; and that the adjuster set out such injury in the agreement before it was signed.

At the hearing in the superior court the petitioner called his physician as a witness and he testified that he examined and treated petitioner after the accident and found he had a fracture of the eighth rib, but he did not testify that he had overlooked any other injury. There was testimony by the impartial medical examiner appointed by the director

of labor that petitioner had a comminuted fracture of the left tenth rib and that it was the result of the accident, but there was other medical testimony that it was an old injury not caused by the accident.

In the circumstances the trial justice, without making any further finding as to the existence of a fracture of the tenth rib and the cause thereof, would have been warranted in finding that petitioner had not clearly proved that the original diagnosis of the injury as a displaced fracture of the left eighth rib was incorrect. As it was, however, he found that it was not clear from the evidence that a comminuted fracture of the tip of the left tenth rib resulted from the accident. The petitioner's failure to establish that fact necessarily precluded any showing that the original diagnosis was incorrect because it had not included such a fracture. In any event as to either of these facts the best that petitioner can claim is that the weight of the evidence was in his favor. But that is of no aid to him here as it is well settled that on such an appeal the finding of the trial justice on legal evidence, in the absence of fraud, is conclusive.

The petitioner's appeal is denied and dismissed, the decree appealed from is affirmed, and the cause is remanded to the superior court for further proceedings.

*Francis Cappalli*, for petitioner.

*Hinckley, Allen, Salisbury & Parsons, Matthew W. Goring, Thomas J. Hogan*, for respondent.